UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LISA WOODS,<br><br>    Petitioner,<br><br>v.<br><br>ANTHONY STEWART, *Warden*,<br><br>    Respondent. | Case No. 2:15-cv-12221<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER GRANTING IN PART RESPONDENT'S MOTION TO DISMISS AND ORDERING PLAINTIFF TO SHOW CAUSE AS TO WHY PETITION SHOULD NOT BE DISMISSED**

Lisa Woods filed this petition for habeas corpus claiming that when she pled nolo contendre in 2012 to an assault charge, she did not do so voluntarily and her counsel was ineffective. But, at the time Woods filed her petition, she had already completed her sentence on the 2012 conviction. This has prompted the Warden to file a motion to dismiss Woods' habeas corpus petition on the grounds that Woods was not "in custody" for the conviction her petition attacks when she filed her petition. (R. 7.)

Having reviewed the Warden's motion, Woods' petition, and Woods' answer to this Court's show-cause order on this very issue (which apparently has been overlooked by the Warden), the Court finds that while Woods was not "in custody" pursuant to her 2012 conviction when she filed her petition, she was "in custody" pursuant to a parole revocation and that her petition can be fairly construed as a challenge to that revocation. As such, the Court will GRANT IN PART the Warden's motion. The Court's analysis of the Warden's motion has brought to light other issues with Wood's petition, however, and so the Court will direct Woods to show cause as to why her petition should not be dismissed on other grounds.

**I.**

In June 2010, Woods pled guilty to assault with intent to commit murder and was sentenced to 23 months to 10 years in prison. (R. 4, PID 58, 66.) In April 2011, Woods was granted parole, with the parole term set to expire in April 2013. (R. 4, PID 58.)

While still on parole, Woods was arrested and charged on July 2, 2012 with assault with a dangerous weapon. (*See* R. 4, PID 66, 69.) She was bound over on July 16, 2012. (R. 1, PID 22.) In October 2012, Woods pled nolo contendre to that charge. (R. 4, PID 58.) On December 4, 2012, Woods was sentenced to time served plus probation for that conviction. (*Id.*) Woods' probation term ended, and thus her 2012 sentence was discharged, in October 2014. MDOC Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=771835 (last visited Sept. 30, 2016).

On December 5, 2012 (the day after Woods was sentenced on the 2012 conviction), the Michigan Department of Corrections revoked Woods' parole associated with the 2010 conviction. (*See* R. 4, PID 66–67.) As will be discussed in further detail below, it appears that the reason for the revocation was Woods' 2012 conviction.

In June 2015, still incarcerated for her parole violation, Woods filed a petition for a writ of habeas corpus with this Court. (R. 1.)

In May 2016, the Warden moved to dismiss Woods' petition. (R. 7.)

**II.**

According to the Warden, because Woods' petition challenges only her 2012 conviction, and because the sentence for that conviction was discharged prior to when Woods filed her petition, this Court lacks subject-matter jurisdiction and her petition must be dismissed. (*See generally* R. 7.)

2

The Court agrees with the Warden that *if* Woods' petition challenges only her 2012 conviction, this Court must dismiss her petition. The federal habeas statute reads, in relevant part, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). The Supreme Court has interpreted this statutory provision as "requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989); *see also Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) ("Coss is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions."). It is beyond dispute that Woods' sentence for her 2012 conviction was discharged in October 2014. And it is beyond dispute that Woods did not file her federal habeas corpus petition until June 2015. Thus, if the 2012 conviction or sentence is the only one "under attack" from Woods' petition, then this Court lacks jurisdiction over the petition.

So does Woods' petition challenge only her 2012 conviction? In a prior screening opinion, the Court thought the answer was unclear. On the one hand, it was plain that Woods' petition explicitly challenged only her 2012 conviction. The articulated grounds for relief were that her mental illness prevented her from knowingly and voluntarily entering a nolo plea to the 2012 charges and that her counsel was constitutionally ineffective in advising her of the consequences of her plea to the 2012 charges. (*See* R. 1, PID 6, 19.) On the other hand, in an affidavit she attached in support of her habeas corpus petition, Woods stated, "I would not have taken the [nolo contendere] plea [on the 2012 charges], as the parole violation in [the 2010 case]

3

is based on untruths and incompetent evidence and my attorney did not explain to me what I was agreeing to in the plea deal." (R. 1, PID 34.) She also stated, "My attorney misinformed me and stated that I would get out of jail sooner if I pled no contest to the parole violation." (R. 1, PID 47.) As such, this Court thought that Woods could be complaining about her parole revocation, and that she was challenging her 2012 conviction because that conviction was the basis of her parole revocation. So the Court ordered Woods to "file a supplement to her petition stating the basis for her parole violation." (R. 3, PID 54.)

Woods has complied. Her show-cause response states that she had been incarcerated for nearly three years for her parole violation. (R. 4, PID 58.) And it provides, "In regard to the connection between the 2012 conviction and a parole violation associated with the 2010 conviction, Petitioner states she was found guilty on October 31, 2012, in relation to a new charge which *also constituted a parole violation* [in the 2010 case] . . . . Petitioner satisfies the § 2254's 'in custody' requirement as she is in custody pursuant to incarceration on a parole violation." (R. 4, PID 58–60 (emphasis added).)

Woods' show-cause response also includes documents pertaining to her parole revocation that show that the reason for the revocation was the 2012 conviction. In particular, Woods' parole agent recommended revoking parole while also noting that Woods had been found guilty of assault with a deadly weapon. (R. 4, PID 66.) The parole agent's supervisor recommended "[r]eturn to prison," with the "[r]eason" being that Woods had been sentenced for assault with a deadly weapon. (R. 4, PID 67.) And the area manager also recommended "[r]eturn to prison" and provided as the "[r]eason" that Woods had been convicted of assault with a deadly weapon. (*Id.*)

Thus, based on Woods' show-cause response, the Court understands Woods to be challenging her parole revocation by challenging the constitutionality of her 2012 conviction.

4

While her petition only explicitly claims constitutional defects in her 2012 conviction, the parole-board documents indicate that her parole was revoked because of the 2012 conviction. And Woods has explained that she is "in custody" pursuant to her parole revocation and complains of her incarceration for that revocation. As such, and given the required liberal reading of *pro se* pleadings, *see Haines v. Kerner*, 404 U.S. 519 (1972), the Court construes Woods' habeas corpus petition as challenging her parole revocation by attacking the validity of the 2012 conviction.

Returning to the question raised by the Warden, does this does type of challenge satisfy the "in custody" requirement? To be sure, Woods was, at the time she filed her petition, incarcerated due to the parole violation. But the sentence on the 2012 conviction had been discharged when she filed her petition. So the question is whether § 2254(a) permits Woods to attack a parole violation for which she was in custody when she filed her petition by attacking a conviction for which she was not in custody when she filed her petition.

*Maleng v. Cook*, 490 U.S. 488 (1989), goes much of the way toward answering this question. There, Cook had been convicted of robbery in 1958 and sentenced to 20 years in prison. *Id.* at 489. Cook was later convicted for two assaults and for aiding a prisoner escape and, in 1978, sentenced on those convictions. *Id.* Under state law, the 1958 conviction had the effect of increasing the mandatory minimum of the 1978 sentences. *Id.* In his federal habeas corpus petition, Cook listed the expired 1958 conviction as the one "under attack," but also claimed that the 1958 conviction had unlawfully enhanced the 1978 sentences. In granting certiorari to answer the "in custody" question, the Supreme Court held that while Cook was not "in custody" under the completed 1958 sentence, he was under the 1978 sentences. *Id.* at 490. Said the Court: "Since we think [Cook's] habeas petition, construed with the deference to which pro se litigants

5

are entitled, can be read as asserting a challenge to the 1978 sentences, as enhanced by the allegedly invalid prior conviction, we affirm the Court of Appeals' finding that respondent has satisfied the 'in custody' requirement for federal habeas jurisdiction." *Id.* at 493–94 (citations omitted).

To the extent that *Maleng* does not completely answer the "in custody" question this case presents, another case, *Brattain v. Cockrell*, 281 F.3d 1279 (table), 2001 WL 1692470 (5th Cir. 2001), sheds additional light. In 1991, Brattain was convicted of aggravated assault. *Id.* at *1. In 1996, while on parole for the 1991 conviction, Brattain was convicted of a misdemeanor and his parole was revoked. *Id.* Brattain eventually sought habeas corpus relief in federal court. By that time, he had completed the misdemeanor sentence. *See id.* Further, there was a factual dispute as to whether the parole revocation was because of the misdemeanor conviction, or whether the parole board had done an independent assessment of Brattain's conduct. On these facts, the Fifth Circuit found that the "in custody" requirement was not a bar to habeas corpus relief: "in order for Brattain to apply his incarceration under the 1991 conviction towards avoiding the in-custody bar to challenging the 1996 conviction, he must show that his parole was revoked because of the 1996 conviction. This issue is disputed by the parties. . . . Our review of the record demonstrates that Brattain has made a reasonable showing that his 1996 conviction caused the revocation of his parole. Accordingly, we conclude that Brattain was in custody under § 2254." *Id.* at *2.

*Maleng* is binding authority and analogous to the facts of this case and *Brattain* is persuasive authority and virtually identical to the facts of this case. Accordingly, the Court finds that even though Woods' habeas corpus petition indirectly attacks the 2012 conviction for which the sentence has been discharged, the "in custody" requirement of § 2254(a) does not prevent Woods from challenging her parole revocation by attacking the 2012 conviction.

### III.

While the foregoing suffices to resolve the Warden's motion to dismiss based on the "in custody" requirement of § 2254(a), in researching the above analysis, three issues have come to the Court's attention that Woods must address.

*One*. In *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394 (2001), the Supreme Court created a bar on nested attacks akin to the one Woods makes. There, Coss had been sentenced to two short prison terms for 1986 convictions. *Id.* at 397. In 1990, having completed those two sentences, Coss was again convicted in state court. *Id.* at 398. In sentencing Coss to six-to-twelve years in prison for the 1990 conviction, the state trial court took a host of factors into consideration, including Coss' "prior criminal record," which, presumably, included the 1986 conviction. *Id.* Coss eventually sought a writ of habeas corpus in federal court, claiming that "his 1986 assault conviction was the product of ineffective assistance of counsel." *Id.* at 1571–72. In addressing the "in custody" requirement, the Supreme Court applied the rule of *Maleng*: "Like the respondent in *Maleng*, Coss' § 2254 petition can be (and has been) construed as asserting a challenge to the 1990 sentence, as enhanced by the allegedly invalid prior 1986 conviction. Accordingly, Coss satisfies § 2254's 'in custody' requirement." *Id.* at 401–02.

But the Supreme Court did not stop there. Instead, based on principles of finality and ease-of-administration, it held as follows:

> Once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Id.* at 403–04. Although the Court acknowledged that there could be a "limited exception" to this "general rule barring review of an expired prior conviction," it concluded that Coss was not entitled to relief. *Id.* at 406–07. Because Coss' 1986 conviction was such a small part of his considerable prior criminal history, the Court was confident that the sentencing judge would have imposed the same sentence even if the 1986 conviction had been omitted from Coss' record. *Id.* at 407.

Because Woods has already unsuccessfully challenged her 2012 conviction in the state courts, *Coss*' rule could very well prevent Woods from attacking her parole revocation caused by that conviction. (R. 1, PID 22–30.) It is true that no federal court has reviewed the validity of the 2012 conviction. But, while a plurality of justices thought that *Coss*' rule should have certain exceptions, none indicated that one would be to permit federal habeas corpus review of an expired conviction already reviewed by the state courts. *See Coss*, 532 U.S. at 405 (O'Connor, J.) (identifying possible exceptions to the bar on indirect attacks of a prior conviction where it was not the defendant's fault for failing to obtain review of the prior conviction and noting that "in such situations, a habeas petition directed at the enhanced sentence may effectively be the first and only forum available for review of the prior conviction"). Thus, Woods is directed to explain why *Coss*' bar on attacking expired convictions does not prohibit her from attacking the 2012 conviction.

*Two*. It appears that as of July 26, 2016, Woods is back on parole. *See* OTIS, http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=771835 (last visited Sept. 30, 2016). This raises the question of whether Woods' challenge to her parole revocation is now moot. *Cf. Spencer v. Kemna*, 523 U.S. 1 (1998) (finding challenge to parole revocation via a federal petition for a writ of habeas corpus moot where petitioner's term of imprisonment—

including parole—had expired); *Villegas v. Thaler*, 480 F. App'x 761, 763 (5th Cir. 2011) (distinguishing *Spencer* and finding habeas corpus petitioner's challenge to his parole revocation was not moot where petitioner was still on parole following revocation and, due to the revocation, his parole termination date had been extended). Thus, Woods is directed to explain why her challenge is not moot.

*Three*. Even if Woods can clear *Coss*' bar, and even if her parole status does not render her petition moot, it is unclear whether Woods still even wishes to pursue her petition. At the time she filed her petition, she was incarcerated and so her petition may have only been for the purpose of being released from incarceration. (A review of the petition does not answer this question.) Now that Woods has been released from prison, it may be that she no longer wishes to pursue her petition. Indeed, Woods has not filed anything in this case since her release from incarceration. Further, Woods' parole is only for another 10 months. That is, if Woods abides by her conditions of parole, in 10 months there will be nothing from which this Court can release Woods. Thus, Woods is directed to explain whether she still intends to pursue her petition.

* * *

Given these substantial doubts over whether Woods wants to and may obtain habeas corpus relief from this Court, the Court hereby ORDERS Woods to show cause on or before November 2, 2016 as to why her habeas corpus petition should not be dismissed. If Woods fails to file by November 2, 2016, or fails to adequately address the three issues raised above, the Court will dismiss Woods' petition.

And, for the reasons stated, the Court GRANTS IN PART the Warden's motion to

dismiss. The motion is GRANTED insofar as Woods' petition directly challenges her 2012 conviction. The motion is DENIED insofar as Woods' petition challenges her parole revocation.

**SO ORDERED.**

Dated: October 7, 2016

s/Laurie J. Michelson
LAURIE J. MICHELSON
U.S. DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 7, 2016.

s/Keisha Jackson
Case Manager